IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

04-30248-MAP

CIVIL ACTION NO:

| RUGGERS, INC., |
| :--- |
| Plaintiff, |
| v. |
| DHL EXPRESS (USA), INC., |
| Defendant. |

# NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## 28 U.S.C. § 1441

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:**

The Defendant, DHL Express (USA), Inc. (hereinafter "DHL" or the "Defendant"), pursuant to Section 1331 and Section 1441 of Title 28 of the United States Code and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Hampden County and states the following in support of this Notice of Removal:

1.  The Plaintiff, Ruggers, Inc. (hereinafter "Ruggers" or the "Plaintiff"), filed a civil action against DHL on November 10, 2004, in the Superior Court of the Commonwealth of Massachusetts in and for Hampden County, Civil Action No. HDCV2004-01091, entitled *Ruggers, Inc. v DHL Express (USA), Inc.*

2.  On or about November 23, 2004, the Plaintiff served DHL with a copy of the Complaint. See Ret. of Service.

3.  This Notice of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon DHL by the Plaintiff to date.

32786.1

4. This action is removable to this Court pursuant to Section 1441(a) and (b) of Title 28 of the United States Code, because this Court has original jurisdiction under Section 1331 of Title 28 of the United States Code.

5. In particular, the Plaintiff's claims present federal question because they are (1) completely preempted, (2) arise under federal common law, and/or (3) raise express or implied causes of action under the Constitution, federal statute, or international treaty.

6. The following bodies of law support a finding of complete preemption of the Plaintiff's claims, a finding that the claims arise under federal common law, and/or a finding that the complaint raises an express or implied cause of action under the Constitution, federal statute or international treaty: (1) the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention"); (2) the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §§ 40120(c), 41713(b)(1); (3) the Carmack Amendment to the Interstate Commerce Act, ch. 3591, Pub.L.No. 337, Title I, § 103, 34 Stat. 584 (1906) (codified as amended at 49 U.S.C. § 14706); (4) the Civil Aeronautics Act of 1938, 52 Stat. 973 ("CAA"); (5) the Federal Aviation Act of 1959, 72 Stat. 731 ("FAA"); (6) the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1); 41713(b)(4)("FAAAA"); and/or (7) the Freight Forwarders Act, 49 U.S.C. §§ 1001, et seq.

7. This Notice of Removal is being filed within thirty (30) days of service and receipt of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

8. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Hampden County, as required by Section 1446(d) of Title 28 of the United States Code.

9. Pursuant to Local Rule 81.1(a), DHL shall, within thirty (30) days after filing a notice for removal of the action from state court to this court, file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court. See LR 81.1(a).

WHEREFORE, DHL prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Hampden County be removed to the United States District Court for the District of Massachusetts.

32786.1

2

                                                             Respectfully submitted,

                                                             DHL EXPRESS (USA), INC.,

                                                             By Its Attorneys,

                                                             _____

                                                             George C. Rockas, BBO#544009
                                                             Sara Discepolo, BBO# 628721
                                                             Wilson, Elser, Moskowitz, Edelman &
                                                             Dicker, LLP
                                                             155 Federal Street
                                                             Boston, MA 02110
Dated: December 16, 2004                   (617) 422-5300

32786.1

3

# EXHIBIT "A"

28624.1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss.**

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-1091

RUGGERS, INC. _____, PLAINTIFF(S)

V.                                                                 **SUMMONS**

DHL EXPRESS (USA), INC. _____, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon __Kevin C. Maynard_____, plaintiff's attorney, whose address is __1500 Main St., Ste 2700, Springfield, MA 01115__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, ESQUIRE, at Springfield the ____12th____ day of __November__ in the year of our Lord two thousand four.

True copy Attest.
11/23/04

Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1091 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Ruggers, Inc. | DHL Express (USA), Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Kevin C. Maynard, Esq.<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Springfield, MA 01115<br>Board of Bar Overseers number: 550669    Tel. 413-272-6244 | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence-personal injury/property damage | ( F ) | (XX) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $ .............
2. Total Doctor expenses ........................................................ $ .............
3. Total chiropractic expenses .................................................. $ .............
4. Total physical therapy expenses ............................................. $ .............
5. Total other expenses (describe) .............................................. $ .............
Subtotal $ .............
B. Documented lost wages and compensation to date ................................. $ .............
C. Documented property damages to date ............................................ $ 16,619.80
D. Reasonably anticipated future medical and hospital expenses ..................... $ .............
E. Reasonably anticipated lost ~~wages~~ profits .................................. $ 20,000.00
F. Other documented items of damages (describe)
   Attorneys' fees to date                                                          $ 2,500.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

By defendant's wrongful conduct, a shipment of 470 custom-made rugby shirts, for which plaintiff paid $16,619.80 and which plaintiff intended to sell for profits of $20,000.00, was first delayed, then destroyed.
$ .............
TOTAL $ 39,119.80

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT     N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 11/19/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.                                    Superior Court Department
                                                Of the Trial Court
                                                Civil Action No. 04-1091

RUGGERS, INC.,                  )
            Plaintiff           )
    v.                          )               COMPLAINT
                                )               [JURY TRIAL DEMANDED]
DHL EXPRESS (USA), INC.,        )
            Defendant           )

### Introduction

1. This is an action to recover damages arising from the negligent performance by DHL of carrier and bailment services rendered to plaintiff Ruggers, Inc.

### Parties

2. Plaintiff Ruggers, Inc. ("Ruggers") is a Massachusetts corporation with a usual place of business at 1700 Riverdale Street, West Springfield, Hampden County, Massachusetts.

3. Defendant DHL Express (USA), Inc. ("DHL") is a Delaware corporation with a usual place of business at 50 California Street, San Francisco, California.

### Factual Allegations

4. Ruggers is in the business of selling rugby and other sports equipment, clothing and accessories to buyers world-wide.

5. DHL is an international provider of express delivery services.

6. In or about January, 2002, Ruggers ordered from a regular supplier, Red Chile LTD of Hong Kong, approximately 500 custom-made rugby jerseys.

7. On or about February 2, 2002, as instructed by Ruggers, Red Chile LTD shipped 30 of these jerseys directly to Ruggers' customer, Alex Smith of Naples Rugby Club, Naples, Florida ("the Naples shipment").

8. Also on February 2, 2002, Red Chile LTD shipped approximately 470 jerseys for delivery to Ruggers at its West Springfield address ("the West Springfield shipment"). Ruggers paid Red Chile LTD $16,619.80 for the goods included in that shipment.

9. Upon information and belief, the larger of the two shipments, the West Springfield shipment, was transported by DHL to JFK Airport in New York to await clearance there through Customs.

10. The 30-jersey Naples shipment was transported by DHL from Hong Kong and, upon information and belief, arrived in Cincinnati, Ohio on or about February 7, 2002. Entry of the Naples shipment was rejected by U.S. Customs officials on February 11, 2002 because the shipment was not accompanied by an appropriate visa.

11. DHL contacted Ruggers on or about February 13, 2002, regarding the need for a visa for the Naples shipment. A Ruggers' representative reported to DHL at that time that Ruggers had obtained a visa for all 500 jerseys ordered from Red Chile LTD, but that the visa had been obtained as one document authorizing clearance through Customs of all 500 jerseys.

12. On or about February 15, 2002, Ruggers sent the 500-piece visa to DHL after instructing DHL that if the visa could not be used in increments, and if the 500-piece visa had to be used in its entirety for release of the 30-piece Naples shipment, then DHL was to return the visa, unused, to Ruggers. Ruggers further instructed DHL that, in that event, DHL was to return the Naples shipment to Hong Kong, and that Ruggers would work to obtain a separate visa specifically for that smaller shipment.

13. As DHL knew or should have known, Ruggers' intent was that if the 500-piece visa could not be used in increments, it would apply that visa to the West Springfield shipment, and not use the 500-piece visa in its entirety on a 30-piece shipment.

14. Upon information and belief, DHL applied the 500-piece visa in its entirety to the 30-piece Naples shipment, and ultimately delivered that shipment on or about February 21, 2002 to the Naples, Florida customer.

15. DHL's use of the visa in this manner contradicted Ruggers' specific instructions and violated reasonable standards of care to be exercised by a carrier.

16. Meanwhile, having transported the larger West Springfield shipment for Ruggers to New York, and coming to understand jointly with Ruggers that the 500-piece visa was no longer available to obtain clearance of that shipment, DHL agreed in or about late February to remove that shipment from Customs and hold it on Ruggers' behalf in a bonded facility at or near JFK Airport until Ruggers could obtain a further visa.

17. In early 2003, Ruggers did in fact identify a source for an additional visa to use for the West Springfield shipment. Before obtaining that visa, Ruggers contacted DHL to confirm the status of the West Springfield shipment. DHL informed Ruggers that, notwithstanding DHL's earlier promise to hold the goods in a bonded facility, DHL had returned the goods to Hong Kong, and that DHL had destroyed the goods there.

18. Notwithstanding demands by Ruggers, DHL has failed and refused to acknowledge its liability for or to pay Ruggers the cost of the goods destroyed, the profits lost upon the inability of Ruggers to sell those goods, or any other portion of the substantial damages incurred by Ruggers.

## COUNT ONE
(Negligence as Carrier)

19. Ruggers incorporates by reference the allegations of Paragraphs 1 through 18 above.

20. By its conduct described above, DHL was negligent in performance of its duties and responsibilities as a carrier of Ruggers' goods.

21. As a direct and proximate result of DHL's negligence, Ruggers has incurred substantial damage in an amount to be proven at trial.

## COUNT TWO
(Negligent Bailment)

22. Ruggers incorporates the allegations of Paragraphs 1 through 21 above.

23. By its conduct described above, DHL created a bailment relationship with respect to the West Springfield shipment.

24. By its conduct, DHL was negligent in its performance of its duties and responsibilities as bailee.

25. As a direct and proximate result of DHL's negligence, Ruggers has incurred substantial damage in an amount to be proven at trial.

## COUNT THREE
(Breach of Contract)

26. Ruggers incorporates the allegations of paragraphs 1 through 25 above.

27. By its conduct described above, DHL agreed to apply Ruggers' 500-piece visa to the Naples shipment only if it could be applied incrementally, such that it could also be applied to the West Springfield shipment.

28. By its conduct, DHL further agreed that it would hold Ruggers' West Springfield bonded facility until Ruggers had the opportunity to obtain a further visa for application to the West Springfield shipment.

29. By its conduct described above, DHL breached these agreements.

30. As a direct and natural result of DHL's breaches, Ruggers has incurred substantial damage in an amount to be proven at trial.

## COUNT FOUR
(Violation of G.L. 93A)

31. Ruggers incorporates the allegations of Paragraphs 1 through 30 above.

32. By its conduct described above, DHL has violated Massachusetts General Laws chapter 93A, §§2 and 11.

33. DHL's violation of G.L. c. 93A has been willful.

34. As a direct and proximate result of DHL's violation, Ruggers has incurred substantial damage in an amount to be proven at trial.

WHEREFORE, Ruggers demands relief in the form of a judgment in its favor as follows:

    a. On Counts One, Two, Three, and Four, an award of its actual damages;

    b. On Count Four, an award of additional damages in an amount not less than two nor greater than three times the amount of actual damages;

    c. On Count Four, an award of reasonable attorneys' fees;

    d. Costs;

    e. Interest; and

    f. Such other relief as the Court deems proper.

<u>Jury Demand</u>

Ruggers hereby demands a trial by jury as to all issues so triable.

                                    The Plaintiff
                                    RUGGERS, INC.
                                    By Its Attorneys:

                                    _____
                                    Kevin C. Maynard
                                    BBO No. 550669
                                    Bulkley, Richardson and Gelinas, LLP
                                    1500 Main Street, Suite 2700
                                    Springfield, MA 01115-5507
                                    Tel.: (413) 272-6244
                                    Fax: (413) 272-6804

Dated: November 10, 2004

## CERTIFICATE OF SERVICE

I, Sara Discepolo, hereby certify that on this 10th day of December, 2004, I served a copy of the foregoing *Notice of Removal to the United States District Court 28 U.S.C. § 1441* together with all supporting documentation upon all counsel/parties of record by mailing same postage prepaid to:

Kevin C. Maynard
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507

_____
Sara Discepolo

4

32786.1