Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

04 CV 30248-MRHD

## HDCV2004-01091
### Ruggers Inc v DHL Express (USA) Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/10/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 12/20/2004 | **Session** | B - Civil B - CtRm 5 | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 02/08/2005 | **Answer** | 04/09/2005 | **Rule12/19/20** | 04/09/2005 |
| **Rule 15** | 04/09/2005 | **Discovery** | 09/06/2005 | **Rule 56** | 10/06/2005 |
| **Final PTC** | 11/05/2005 | **Disposition** | 01/04/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Ruggers Inc
Active 11/10/2004

**Private Counsel 550669**
Kevin C Maynard
Bulkley Richardson & Gelinas
1500 Main Street, Suite 2700
PO Box 15507
Springfield, MA 01115-5507
Phone: 413-272-6244
Fax: 413-272-6804
Active 11/10/2004 Notify

**Defendant**
DHL Express (USA) Inc
Served: 11/23/2004
Served (answr pending) 12/01/2004

**Private Counsel 628721**
Sara Discepolo
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 12/20/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/10/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 11/10/2004 | | Origin 1, Type B04, Track F. |
| 12/01/2004 | 2.0 | SERVICE RETURNED: DHL Express (USA) Inc(Defendant) |
| 12/20/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts. |

### EVENTS

A TRUE COPY OF THE DOCKET MINUTES IN WITNESS WHEREOF, I hereunto set my hand, and have caused the seal of the Superior Court for the County of Hampden to be affixed on this 27th day of December, 2004

*Barbara Holubecki*
Deputy Assistant Clerk



| CIVIL ACTION COVER SHEET | 04 1091 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Ruggers, Inc. | DHL Express (USA), Inc. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Kevin C. Maynard, Esq.<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Springfield, MA 01115<br>Board of Bar Overseers number: 550669   Tel. 413-272-6244 | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence-personal injury/property damage | ( F ) | (XX) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................. $
2. Total Doctor expenses .................. $
3. Total chiropractic expenses .................. $
4. Total physical therapy expenses .................. $
5. Total other expenses (describe) .................. $
   Subtotal $

B. Documented lost wages and compensation to date .................. $
C. Documented property damages to date .................. $ 16,619.80
D. Reasonably anticipated future medical and hospital expenses .................. $
E. Reasonably anticipated lost ~~wages~~ profits .................. $ 20,000.00
F. Other documented items of damages (describe)
   Attorneys' fees to date .................. $ 2,500.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

By defendant's wrongful conduct, a shipment of 470 custom-made rugby shirts, for which plaintiff paid $16,619.80 and which plaintiff intended to sell for profits of $20,000.00, was first delayed, then destroyed.
$
TOTAL $39,119.80

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

f claim(s):

A true copy
Attest:
*Barbara Holubecki*
Deputy Assistant Clerk

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 11/10/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

Stamp: NOV 10 2004 HAMPDEN COUNTY SUPERIOR COURT

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | TORT | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | EQUITABLE REMEDIES | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

# Commonwealth of Massachusetts
## County of Hampden
## The Superior Court

CIVIL DOCKET# **HDCV2004-01091**

RE: **Ruggers Inc v DHL Express (USA) Inc**

TO: Thomas F. Reilly, Attorney General
Consumer Protection Division
One Ashburton Place
Boston, MA 02108-1698

### NOTICE OF COMPLAINT/JUDGMENT FILED UNDER CHAP. 93A

Enclosed is a copy of the Complaint/*Judgment in the above entitled action seeking relief pursuant to G.L. Chap. 93A, filed on **11/10/2004** in the Hampden Superior Court.

Dated at Springfield, Massachusetts this 18th day of November, 2004.

Marie G. Mazza,
Clerk of the Courts

By:

*Donna M. Liebel*
Donna M. Liebel
Case Specialist IV

ENC.

cc: Rosemary Tarantino
file

A true copy.
Attest:
*Barbara Holubecki*
Deputy Assistant Clerk

cvdnot93A_1.wpd 570093 inidoc01 licbeldo

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
DEC - 1 2004
*Marie G. Mazza*
CLERK-MAGISTRATE

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04-1091

RUGGERS, INC. , PLAINTIFF(S)

V.

DHL EXPRESS (USA), INC. , DEFENDANT(S)

SUMMONS

To the above named defendant:

You are hereby summoned and required to serve upon Kevin C. Maynard , plaintiff's attorney, whose address is 1500 Main St., Ste 2700, Springfield, MA 01115 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, ESQUIRE, Esq., at Springfield the 12th day of November in the year of our Lord two thousand four.

*Marie G. Mazza*
Clerk / Magistrate

A true copy.
Attest:
*Barbara Holubecki*
Deputy Assistant Clerk

Issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
...defendant is involved, the names of all such defendants should appear in the caption. If a separate ...ch defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2004 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____
_____
_____
_____
_____

Dated:_____, 2004

N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

(                             )
(              , 2004  )
(                             )

---

November 24, 2004

I hereby certify and return that on 11/23/2004 at 12:05PM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to Y.Concepcion,Process Clerk & agent in charge of CT Corp'& agent in charge at time of service, for CT corporation System, (TSA), Inc, at CT corporation System, 101 Federal Street, Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel ($25.10), Postage and Handling ($1.00), Attest/copies ($5.00) Total charges $61.10

Deputy Sheriff John Cotter

_____
Deputy Sheriff

Suffolk, ss.

Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-9999



COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.                                                    Superior Court Department
                                                                Of the Trial Court
                                                                Civil Action No.

RUGGERS, INC.,                  )                               04 1091
        Plaintiff       )
v.                              )   COMPLAINT
                                )   [JURY TRIAL DEMANDED]
DHL EXPRESS (USA), INC.,        )
        Defendant       )

NOV 10 2004

### Introduction

1.  This is an action to recover damages arising from the negligent performance by DHL of carrier and bailment services rendered to plaintiff Ruggers, Inc.

### Parties

2.  Plaintiff Ruggers, Inc. ("Ruggers") is a Massachusetts corporation with a usual place of business at 1700 Riverdale Street, West Springfield, Hampden County, Massachusetts.

3.  Defendant DHL Express (USA), Inc. ("DHL") is a Delaware corporation with a usual place of business at 50 California Street, San Francisco, California.

### Factual Allegations

4.  Ruggers is in the business of selling rugby and other sports equipment, clothing and accessories to buyers world-wide.

5.  DHL is an international provider of express delivery services.

6.  In or about January, 2002, Ruggers ordered from a regular supplier, Red Chile LTD of Hong Kong, approximately 500 custom-made rugby jerseys.

No. of Plfs. ___1___
Fee Paid - $ 240
Surcharge Paid - $
Security Fee - Paid - $ 20
Received by_____

1

7. On or about February 2, 2002, as instructed by Ruggers, Red Chile LTD shipped 30 of these jerseys directly to Ruggers' customer, Alex Smith of Naples Rugby Club, Naples, Florida ("the Naples shipment").

8. Also on February 2, 2002, Red Chile LTD shipped approximately 470 jerseys for delivery to Ruggers at its West Springfield address ("the West Springfield shipment"). Ruggers paid Red Chile LTD $16,619.80 for the goods included in that shipment.

9. Upon information and belief, the larger of the two shipments, the West Springfield shipment, was transported by DHL to JFK Airport in New York to await clearance there through Customs.

10. The 30-jersey Naples shipment was transported by DHL from Hong Kong and, upon information and belief, arrived in Cincinnati, Ohio on or about February 7, 2002. Entry of the Naples shipment was rejected by U.S. Customs officials on February 11, 2002 because the shipment was not accompanied by an appropriate visa.

11. DHL contacted Ruggers on or about February 13, 2002, regarding the need for a visa for the Naples shipment. A Ruggers' representative reported to DHL at that time that Ruggers had obtained a visa for all 500 jerseys ordered from Red Chile LTD, but that the visa had been obtained as one document authorizing clearance through Customs of all 500 jerseys.

12. On or about February 15, 2002, Ruggers sent the 500-piece visa to DHL after instructing DHL that if the visa could not be used in increments, and if the 500-piece visa had to be used in its entirety for release of the 30-piece Naples shipment, then DHL was to return the visa, unused, to Ruggers. Ruggers further instructed DHL that, in that event, DHL was to return the Naples shipment to Hong Kong, and that Ruggers would work to obtain a separate visa specifically for that smaller shipment.

13. As DHL knew or should have known, Ruggers' intent was that if the 500-piece visa could not be used in increments, it would apply that visa to the West Springfield shipment, and not use the 500-piece visa in its entirety on a 30-piece shipment.

14. Upon information and belief, DHL applied the 500-piece visa in its entirety to the 30-piece Naples shipment, and ultimately delivered that shipment on or about February 21, 2002 to the Naples, Florida customer.

15. DHL's use of the visa in this manner contradicted Ruggers' specific instructions and violated reasonable standards of care to be exercised by a carrier.

16. Meanwhile, having transported the larger West Springfield shipment for Ruggers to New York, and coming to understand jointly with Ruggers that the 500-piece visa was no longer available to obtain clearance of that shipment, DHL agreed in or about late February to remove that shipment from Customs and hold it on Ruggers' behalf in a bonded facility at or near JFK Airport until Ruggers could obtain a further visa.

17. In early 2003, Ruggers did in fact identify a source for an additional visa to use for the West Springfield shipment. Before obtaining that visa, Ruggers contacted DHL to confirm the status of the West Springfield shipment. DHL informed Ruggers that, notwithstanding DHL's earlier promise to hold the goods in a bonded facility, DHL had returned the goods to Hong Kong, and that DHL had destroyed the goods there.

18. Notwithstanding demands by Ruggers, DHL has failed and refused to acknowledge its liability for or to pay Ruggers the cost of the goods destroyed, the profits lost upon the inability of Ruggers to sell those goods, or any other portion of the substantial damages incurred by Ruggers.

## COUNT ONE
(Negligence as Carrier)

19. Ruggers incorporates by reference the allegations of Paragraphs 1 through 18 above.

20. By its conduct described above, DHL was negligent in performance of its duties and responsibilities as a carrier of Ruggers' goods.

21. As a direct and proximate result of DHL's negligence, Ruggers has incurred substantial damage in an amount to be proven at trial.

## COUNT TWO
(Negligent Bailment)

22. Ruggers incorporates the allegations of Paragraphs 1 through 21 above.

23. By its conduct described above, DHL created a bailment relationship with respect to the West Springfield shipment.

24. By its conduct, DHL was negligent in its performance of its duties and responsibilities as bailee.

25. As a direct and proximate result of DHL's negligence, Ruggers has incurred substantial damage in an amount to be proven at trial.

## COUNT THREE
(Breach of Contract)

26. Ruggers incorporates the allegations of paragraphs 1 through 25 above.

27. By its conduct described above, DHL agreed to apply Ruggers' 500-piece visa to the Naples shipment only if it could be applied incrementally, such that it could also be applied to the West Springfield shipment.

28. By its conduct, DHL further agreed that it would hold Ruggers' West Springfield bonded facility until Ruggers had the opportunity to obtain a further visa for application to the West Springfield shipment.

29. By its conduct described above, DHL breached these agreements.

30. As a direct and natural result of DHL's breaches, Ruggers has incurred substantial damage in an amount to be proven at trial.

## COUNT FOUR
(Violation of G.L. 93A)

31. Ruggers incorporates the allegations of Paragraphs 1 through 30 above.

32. By its conduct described above, DHL has violated Massachusetts General Laws chapter 93A, §§2 and 11.

33. DHL's violation of G.L. c. 93A has been willful.

34. As a direct and proximate result of DHL's violation, Ruggers has incurred substantial damage in an amount to be proven at trial.

WHEREFORE, Ruggers demands relief in the form of a judgment in its favor as follows:

    a. On Counts One, Two, Three, and Four, an award of its actual damages;

    b. On Count Four, an award of additional damages in an amount not less than two nor greater than three times the amount of actual damages;

    c. On Count Four, an award of reasonable attorneys' fees;

    d. Costs;

    e. Interest; and

    f. Such other relief as the Court deems proper.

<u>Jury Demand</u>

Ruggers hereby demands a trial by jury as to all issues so triable.

                                                    The Plaintiff
                                                    RUGGERS, INC.
                                                    By Its Attorneys:

                                                    _____
                                                    Kevin C. Maynard
                                                    BBO No. 550669
                                                    Bulkley, Richardson and Gelinas, LLP
                                                    1500 Main Street, Suite 2700
                                                    Springfield, MA 01115-5507
                                                    Tel.: (413) 272-6244
                                                    Fax: (413) 272-6804

Dated: November 10, 2004



A true copy.

Attest:

*Barbara Holubecki*

Deputy Assistant Clerk

6