IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO: 04-30248-MAP

RUGGERS, INC.,
    Plaintiff,

v.

DHL EXPRESS (USA), INC.,
    Defendant.

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

The Defendant, DHL Express (USA), Inc. (hereinafter "DHL"), hereby submits, pursuant to Local Rule 7.1(B)(2) of the Local Rules of the United States District Court for the District of Massachusetts (hereinafter "Local Rules"), its opposition to the Motion to Amend Complaint filed by Ruggers, Inc. (hereinafter "Plaintiff"). See Pl.'s Mot. to Amend Compl. dated May 19, 2005 (hereinafter "Motion to Amend").

In support hereof, DHL states as follows:

1. The Plaintiff originally filed its lawsuit on November 10, 2004.

2. According to the Plaintiff's original complaint, DHL was the carrier for two separate international shipments of shirts from Hong Kong to the United States. See Compl. dated Nov. 10, 2004 (hereinafter "Complaint"), ¶¶ 9-10.

3. On or about December 29, 2004, DHL moved to dismiss the Complaint (hereinafter "Motion to Dismiss"). See Deft.'s Mot. to Dismiss dated Dec. 29, 2004; Memo of Law in Support of Deft.'s Mot. to Dismiss dated Dec. 29, 2004.

38813.1

4. DHL's Motion to Dismiss demonstrates that the present action is barred by the two-year statute of limitations applicable to international shipments under the Warsaw Convention. See id.

5. Thereafter, the Court set down DHL's Motion for hearing, but rescheduled that hearing several times. Finally, the Court rescheduled the hearing on DHL's Motion to Dismiss for May 23, 2005.

6. Despite several continuances of the hearing on DHL's Motion, the Plaintiff filed its Motion to Amend two business days prior to the May 23rd hearing date.

7. The Plaintiff's Motion to Amend seeks to add another state law claim for conversion and alleges that a third party rather than DHL was the carrier for the second larger shipment of shirts. See Amended Compl. dated May 19, 2005 (hereinafter "Amended Complaint"), ¶¶ 16, 35-37.

8. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and is a matter within the discretion of the trial court, see Isaac v. Harvard University, 769 F.2d 817, 829 (1st. Cir. 1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 802, 28 L.Ed. 2d 77 (1971); Johnston v. Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir. 1979).

9. Notwithstanding the Court's discretion, it should refuse to permit amendment when it may prejudice the opposing party, produce undue delay in the litigation, or be futile for lack of merit. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); Executive Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66, 71 (1st Cir. 1995).

38813.1

10. In this case, the proposed amendment will prejudice DHL and also be futile.

11. First, the Plaintiff filed this action approximately six (6) months ago. Throughout this time period, the Plaintiff has alleged DHL was the carrier for the second larger shipment of shirts. See Compl., ¶ 9.

12. Even prior to the litigation, the Plaintiff at all times alleged that DHL was the carrier for the second shipment of shirts. See, e.g., Let. from K. Maynard dated Aug. 22, 2003 (attached hereto as Exhibit "A"), p. 2 ("Meanwhile, that larger shipment had been *transported by DHL* to New York.")(emphasis added).

13. Thus, from the beginning, the Plaintiff has always alleged that DHL was the carrier for the second larger shipment. To change its position two business days prior to a hearing on DHL's Motion to Dismiss constitutes undue delay without justification and will result in prejudice to DHL. For example, to the extent evidence in the possession of the alleged third party carrier has been destroyed or is otherwise no longer available, DHL shall be prejudiced in defending against the change in the Plaintiff's allegations. It shall also suffer prejudice in relying upon its status as carrier to invoke the Warsaw Convention and defend against the Plaintiff's claim on that basis and the Convention's strict two year statute of limitations period.

14. Second, the requested amendments are futile.

15. By filing its Motion to Amend, the Plaintiff seeks in vain to circumvent the insurmountable challenge posed by DHL's Motion to Dismiss.

16. The Plaintiff seeks to show that DHL was not a carrier under the Warsaw Convention and/or that the second shipment of goods ultimately destroyed were

38813.1

not in "international transport" in order to avoid preemption of its state law claims under the Warsaw Convention. Compare Compl., ¶¶ 9-10 (DHL alleged to be carrier for both shipments) with Amended Compl. dated May 19, 2005 (hereinafter "Amended Complaint"), ¶ 9 (larger of two shipments ultimately was carried by Asiana Airlines); id., ¶¶ 16-17 (DHL agreed to act as consignee for second shipment and hold it on behalf of the Plaintiff but ultimately returned the goods to Hong Kong and destroyed them there).

17. Even if the Plaintiff amends its pleadings to allege that some other carrier originated the transport of the second shipment from Hong Kong to the United States, the amended pleadings still establish that DHL was the carrier for the *return in international transportation* to Hong Kong. As a result, the Plaintiff's allegations still allege that DHL was a carrier of the goods in international transportation, requiring preemption of the Plaintiff's state law claims under the Warsaw Convention. See Mem. of Law in Supp. of Deft.'s Mot. to Dismiss, pp 4-6 (claims based upon damage of goods in international transportation subject to Warsaw Convention).

18. According to Article 18 of the Warsaw Convention, claims may be made against a carrier when "the occurrence which caused the damage . . . took place during the transportation by air." See Carnisco Int'l Customs House Brokers, Inc. v Air China, 1992 U.S.Dist.LEXIS 9854, at * 13-14 (S.D.N.Y. July 2, 1992)(quoting Article 18(1) of the Warsaw Convention).

38813.1

19. Furthermore, the relevant inquiry is not when the damage is sustained but rather when the allegedly wrongful conduct took place for purposes of determining if the damage occurred during international transportation. See id. at * 16.

20. In this case, the allegedly wrongful conduct according to the amended pleadings is DHL's return of the goods to Hong Kong. This conduct, according to the Plaintiff's own allegations, by definition took place during the international shipment of goods. See, e.g., id. * 16-17 (claim for damage to goods bound by limitations of Warsaw Convention where carrier's wrongful conduct consisted of transferring goods to particular location for pick-up, despite the fact that the damage to goods ultimately occurred at that location when the carrier was no longer in charge of them).

21. For all the foregoing reasons, the Court should deny the Plaintiff's requested amendment.

                                          Respectfully submitted,

                                          DHL EXPRESS (USA), INC.,

                                          By Its Attorneys,

                                          */s/ Sara Discepolo*
                                          George C. Rockas, BBO#544009
                                          Sara Discepolo, BBO# 628721
                                          WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER, LLP
                                          155 Federal Street
                                          Boston, MA 02110
                                          (617) 422-5300

Dated: May 27, 2005

38813.1

## CERTIFICATE OF SERVICE

I, Sara Discepolo, hereby certify that on this 27th day of May 2005, I served a copy of the foregoing *Defendant's Opposition to Plaintiff's Motion to Amend Complaint* together with all supporting documentation upon all counsel/parties of record by mailing same postage prepaid to:

Kevin C. Maynard
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507

/s/ *Sara Discepolo*
Sara Discepolo

38813.1