UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RUGGERS, INC., <br> Plaintiff, <br><br> vs. <br><br> DHL EXPRESS (USA), INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   C.A. No. 04-30248-MAP <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS, DHL EXPRESS (USA), INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND ITS ANSWER**

NOW COMES the defendant, DHL Express (USA), Inc. ("DHL"), and hereby submits this Memorandum of Law in support of its Motion to Amend its Answer, whereby DHL seeks leave to amend its answer to add two additional affirmative defenses pursuant to Fed. R. Civ. P.15(a), and in support thereof would show the court as follows:

**FACTS**

On or about November 10, 2004, Ruggers, Inc. ("Ruggers") filed suit against the defendant, DHL Express (USA), Inc. ("DHL") in the Superior Court Department of the Trial Court for Hampden County, Commonwealth of Massachusetts. On or about December 16, 2004, DHL removed this action to this court because Ruggers' claims presented a federal question. On or about June 23, 2005, the plaintiff's amended its complaint.

In its amended complaint, Ruggers alleges that it purchased 500 rugby shirts from a Hong Kong supplier and directed 30 shirts to be shipped directly to a customer in Naples, FL and the remainder to be shipped to Ruggers' store in West Springfield, MA.[1] These two shipments were sent by different carriers: The 470 shirt shipment to Ruggers was sent by Asiana airlines ("the

---

[1] See Amended Complaint, ¶¶ 6-8.

64726.1

large shipment") and the 30-shirt shipment was sent to the Naples customer on DHL ("the small shipment").[2] The small shipment was rejected by U.S. Customs upon when import was attempted because the shipment did not have the proper paper work accompanying it.[3] Ruggers further alleges that it sent the 500-shirt visa to DHL who used it to clear the 30 shirts with instructions only to use the visa if it could also be used for the large shipment that had not arrived yet.[4] Ruggers was then precluded from using the same visa to clear the remaining 470 shirts that came in later on Asiana airlines.[5] Lastly, Ruggers alleges that DHL promised to hold onto the 470-shirt shipment until another visa could be obtained but returned the goods to Hong Kong and destroyed them.[6]

In its amended complaint, Ruggers brings claims of negligence, negligent bailment, breach of contract, conversion, and violations of c. 93A against DHL.

## LAW AND ARGUMENT

DHL seeks to amend its Answer to Plaintiff's Amended Complaint by deleting its current form and substituting an amended version which would add two affirmative defenses based upon (1) Ruggers' claim did not primarily and substantially occur within the Commonwealth; and (2) Ruggers' claims are barred by fraud, illegality, collusion, conspiracy and/or unclean hands. The proposed nineteenth and twentieth affirmative defenses read as follows, respectively:

> 19. The center of gravity of the circumstances, which give rise to the plaintiffs' claim, is not primarily and substantially within the Commonwealth.
>
> 20. The plaintiff's claims are barred by fraud, illegality, collusion, conspiracy and/or unclean hands.

---

[2] See id. at ¶¶ 9 and 10.
[3] See id. at ¶ 10.
[4] See id. at ¶¶ 12 and 14.
[5] See id. at ¶ 16.
[6] See id. at ¶¶ 16 and 17.

64726.1

A copy of the proposed Amended Answer to Plaintiff's Complaint is attached hereto as Exhibit No. 1. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend a pleading under Fed. R. Civ. P. 15(a) is a matter within the discretion of the trial court. Isaac v. Harvard University, 769 F.2d 817, 829 (1st. Cir. 1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 802, 28 L.Ed. 2d 77 (1971); Johnston v. Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir. 1979).

While the captioned case is close to trial, these amendments have all along been central to the discovery in this case. First, the location of where the acts occurred is a central element to the plaintiff's c. 93A claim and any defense over where the acts occurred and its effect on their claim has been a focus in discovery. Thus, no new discovery is necessary for either side on this claim. Second, the nature of the legal limitations imposed upon DHL by U.S. Customs and the affiliated regulations has always been expressed to the plaintiff. In fact, this exact issue was even raised at the pretrial conference of this matter when the court asked on what grounds, if any, I intended to bring any potential summary judgment motion. The plaintiff has been fully aware of DHL's intention to utilize this defense since the inception of this case. Unfortunately, it was not until preparing for the trial of this matter was it discovered that it was not raised as an affirmative defense. Moreover, the nature of why the small shipment did not have the proper documentation fully discovered as it is a central issue to the case. It was through this discovery that unsavory and potentially fraudulent conduct was discovered. In fact, the plaintiff produced, through discovery, the central document on this issue and, as such, have been or should have been aware of the impact of such a document. Consequently, the plaintiff is not prejudiced since these defenses go to the acts of itself, which it certainly should be fully aware of, and requires no

64726.1

additional discovery.  Finally, the court has not imposed a scheduling order on the parties pursuant to Fed. R. Civ. P.16, setting a deadline for the amendment of pleadings.  DHL's proposed Amended Answer will not prejudice Ruggers, produce any undue delay in the litigation, or result in futility for lack of merit.  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); Executive Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66, 71 (1st Cir. 1995).

Thus, for the reasons outlined above, DHL respectfully requests this court to exercise its discretion, and allow the defendant leave to file its Amended Answer to Plaintiff's Amended Complaint under Fed. R. Civ. P. 15(a).

## CONCLUSION

WHEREFORE, DHL prays that it be permitted to file the attached Amended Answer to Plaintiff's Complaint, and for all other relief to which it may be entitled.

Respectfully Submitted,
The Defendant,
DHL EXPRESS (USA), INC.
By Its Attorneys,

*/s/ Mark R. Freitas*
Mark R. Freitas, BBO#641205
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

64726.1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO: 04-30248-MAP

RUGGERS, INC.,

        Plaintiff,

v.

DHL EXPRESS (USA), INC.,

        Defendant.

### [PROPOSED] AMENDED ANSWER TO AMENDED COMPLAINT

    1.    The allegations in paragraph 1 require no response because they contain conclusions of law. To the extent a response is required, the Defendant, DHL Express (USA), Inc. (hereinafter "DHL"), denies the allegations.

    2.    DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 2 and calls on the Plaintiff to prove same.

    3.    Admitted that DHL is a Delaware corporation. DHL denies the remaining allegations contained in paragraph 3 of the Amended Complaint.

    4.    DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 2 and calls on the Plaintiff to prove same.

    5.    DHL has insufficient information to either deny or admit the allegations in paragraph 5 as said allegations do not adequately identify the terms "international provider" and "express delivery services." To the extent a response is required, DHL denies the allegations contained in paragraph 5 of the Amended Complaint.

42714.3

6. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 6 and calls on the Plaintiff to prove same.

7. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 7 and calls on the Plaintiff to prove same.

8. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 8 and calls on the Plaintiff to prove same.

9. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 9 and calls on the Plaintiff to prove same.

10. DHL admits the allegations contained in paragraph 10 of the Amended Complaint.

11. DHL admits that it contacted the Plaintiff regarding the need for a visa for the 30-shirt shipment but denies that it contacted the Plaintiff on February 13, 2002. Admitted that the Plaintiff then advised DHL that the Plaintiff had a visa but that it was for a greater quantity (hereinafter "larger visa") that the 30-shirt shipment. Further answering, DHL states that it advised the Plaintiff that a visa had to accompany each shipment. DHL denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

12. Denied.

13. Denied.

14. DHL admits that it applied the larger visa to the 30-shirt shipment and then delivered it to its destination. Further answering, DHL states that in taking these actions, DHL was following the instructions of the Plaintiff.

15. Denied.

42714.3

16. DHL admits that it removed a second shipment from Customs to hold on the Plaintiff's behalf temporarily for the Plaintiff to obtain a proper visa as a courtesy to the Plaintiff. DHL denies that it removed the second shipment pursuant to an agreement with the Plaintiff and further denies that any document is appended as Exhibit A to the Amended Complaint. DHL has insufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 16 of the Amended Complaint. To the extent DHL must respond to the authenticity of any document attached as Exhibit A, which DHL states is not attached to the Amended Complaint, DHL denies same.

17. DHL admits that by 2003 it had returned the second shipment to the shipper in Hong Kong as a result of the Plaintiff's inability to secure a proper visa. DHL denies that it ever had an agreement with the Plaintiff to hold the second shipment indefinitely for the Plaintiff and denies that it destroyed the second shipment. DHL has insufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18. DHL admits it has refused and failed to acknowledge liability or to pay the Plaintiff and further states no liability exists. DHL denies all other allegations in paragraph 18 of the Amended Complaint.

## COUNT ONE

19. DHL restates and incorporates herein its responses to paragraphs 1 through 18 of the Amended Complaint.

20. Denied.

21. Denied.

42714.3

## COUNT TWO

22. DHL restates and incorporates herein its responses to paragraphs 1 through 21 of the Amended Complaint.

23. Denied.

24. Denied.

25. Denied.

## COUNT THREE

26. DHL restates and incorporates herein its responses to paragraphs 1 through 25 of the Amended Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT FOUR

31. DHL restates and incorporates herein its responses to paragraphs 1 through 30 of the Amended Complaint.

32. Denied.

33. Denied.

34. Denied.

42714.3

## COUNT FIVE

35. DHL restates and incorporates herein its responses to paragraphs 1 through 34 of the Amended Complaint.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. The claims against DHL are barred by the applicable statutes of limitations and/or by the doctrines of estoppel, waiver and/or laches.

3. Any liability on the part of DHL, which DHL denies, must be reduced or is barred by the Plaintiff's comparative negligence.

4. Any damages sustained by the Plaintiff were caused by individuals for whose conduct DHL is not responsible.

5. The Plaintiff's claims are preempted by federal law.

6. The Plaintiff's claims are barred by: (1) the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention"); (2) the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §§ 40120(c), 41713(b)(1); (3) the Carmack Amendment to the Interstate Commerce Act, ch. 3591, Pub.L.No. 337, Title I, § 103, 34 Stat. 584 (1906) (codified as amended at 49 U.S.C. § 14706); (4) the Civil Aeronautics Act of 1938, 52 Stat. 973 ("CAA"); (5) the Federal Aviation Act of 1959, 72 Stat. 731 ("FAA"); (6) the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§

42714.3

14501(c)(1); 41713(b)(4)("FAAAA"); and/or (7) the Freight Forwarders Act, 49 U.S.C. §§ 1001, et seq.

7. The Plaintiff's claims are barred according to the doctrine of misnomer.

8. To the extent the Plaintiff has suffered harm, his own acts or omissions caused said harm.

9. If the Plaintiff suffered any losses or damages, then his losses or damages were the result of independent and intervening causes over which DHL had no control.

10. Any alleged wrongdoing was not performed under the control or supervision of DHL.

11. The Plaintiff's claims are barred in whole or in part due to the Plaintiff's failure to mitigate his damages.

12. Because the Plaintiff has failed to join all necessary and indispensable parties to this action, the Amended Complaint must be dismissed.

13. This Court lacks personal jurisdiction over DHL and lacks subject matter jurisdiction over the Amended Complaint.

14. The Plaintiff's claims should be dismissed due to insufficiency of process and insufficiency of service of process.

15. The Plaintiff failed to give DHL due and proper notice of any alleged breach/negligence/damages and DHL has been prejudiced thereby.

16. The Plaintiff's claims are barred according to the parties' Terms and Conditions of Carriage.

17. The Plaintiff's claims are barred because the Plaintiff failed to exhaust its administrative remedies.

42714.3

18. This action is barred because recusal by the Court is required and/or justified.

19. The center of gravity of the circumstances, which give rise to the plaintiffs' claim, is not primarily and substantially within the Commonwealth.

20. The plaintiff's claims are barred by fraud, illegality, collusion, conspiracy and/or unclean hands.

WHEREFORE, DHL requests that the Court dismiss the Amended Complaint, award DHL its costs and attorney's fees, and grant DHL any other relief under law or equity as this Court deems just, equitable, and proper.

**DHL claims a trial by jury.**

                                          Respectfully Submitted,
                                          The Defendant,
                                          DHL EXPRESS (USA), INC.
                                          By Its Attorneys,

                                          */s/ Mark R. Freitas*
                                          Mark R. Freitas, BBO#641205
                                          Wilson, Elser, Moskowitz, Edelman & Dicker LLP
                                          155 Federal Street
                                          Boston, MA 02110
                                          (617) 422-5300

Dated: September 11, 2006

42714.3