UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30248-MAP

| | | |
|---|---|---|
| RUGGERS, INC., | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S PROPOSED |
| | ) | JURY INSTRUCTIONS |
| DHL EXPRESS (USA), INC., | ) | |
|     Defendant | ) | |

Plaintiff Ruggers, Inc. ("Ruggers") submits the proposed jury instructions attached hereto, reserving the right to supplement at trial.

Dated: September 11, 2006

                                      Ruggers, Inc.
                                      By Its Attorneys:

                                      /s/ Kevin C. Maynard
                                      Kevin C. Maynard, BBO #550669
                                      Bulkley, Richardson and Gelinas, LLP
                                      1500 Main Street, Suite 2700
                                      Springfield, MA 01115-5507
                                      Tel.: (413) 272-6244
                                      Fax: (413) 272-6804


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on September 11, 2006.

                                      /s/ Kevin C. Maynard
                                      Kevin C. Maynard

## BREACH OF CONTRACT

In one of its counts, Ruggers alleges that DHL breached a contract or contracts that existed between the parties, and that the actions or inactions of DHL resulted in damages to it.

A contract is a promise, or set of promises, between two or more persons to do or not do certain things. Ordinarily, a contract exists where the parties "by their words or conduct express their mutual assent—that is, their agreement—to exchange promises."

Ruggers claims that there were two contracts involved in this case: one by which DHL agreed to use a 500-piece customs visa to clear through customs the smaller shipment of shirts only if it could also be used to clear the larger shipment; and the other to remove the larger shipment from customs and hold it for Ruggers' sake until some future point or time.

In order to find that DHL breached a contract, Ruggers must prove by a preponderance of the evidence that an agreement existed and that DHL failed to comply with one or more terms of an agreement. In addition, Ruggers cannot recover unless it proves that it completely performed or was excused from its obligations under the agreement.

Therefore, in order for Ruggers to prevail on its breach of contract claim, it must prove the following four elements by a preponderance of the evidence with respect to either or both of the contracts alleged:

1) that there is a contract;
2) that Ruggers fully performed its obligations under the contract (or is excused from performance);
3) that DHL breached the contract; and
4) that Ruggers suffered damages as a result of the breach of contract.

II Mass. Superior Court Civil Practice Jury Instructions (MCLE 2003), at § 14.1 at § 14.1.19.

#427506

## CONVERSION

Ruggers has also claimed that DHL committed a conversion of goods belonging to Ruggers. Conversion is the intentional and wrongful exercise of control, ownership or dominion over the personal property of another. To succeed on its claim for conversion, Ruggers must prove by a preponderance of the evidence that:

1) DHL asserted control over certain Ruggers goods without a right to do so;
2) DHL intentionally and wrongfully exercised dominion over those goods by transferring possession of those goods or disposing of them without authorization;
3) DHL's conversion of those goods damaged Ruggers.

If you find that Ruggers is entitled to recover on its claim for conversion, you are to award Ruggers an amount of money that represents the market value of the goods plus any special damages proven, including a loss of profits.

Alperin and Shribow, 14C Massachusetts Practice, §§20.51, 20.53 (3 et ed. 1996), citing Restatement 2d, Torts, §§22A, 223-225.

#427506

NEGLIGENT BAILMENT

General

Ruggers also has a claim for negligent bailment. That is, the plaintiff claims that it delivered or authorized possession of its goods to the care of the defendant and that the defendant negligently permitted the loss or destruction of the goods. When one person entrusts his property to the care of another person, the resulting relationship is called a "bailment." The person who entrusts the property is called the "bailor," and the person receiving the property is referred to as the "bailee."

Where a bailment exists, the plaintiff must prove the following in order to recover for loss or damage to his goods:

1) That the plaintiff owned the goods or at least had the right to possess it;
2) That the plaintiff entrusted the goods into the care of the defendant, who agreed to take it;
3) That the goods were in good condition when the plaintiff delivered it to the defendant; and
4) That the defendant filed to redeliver the goods to the plaintiff when the plaintiff requested it at a time when it was entitled to have it returned.

Once the plaintiff proves that these four elements are more probable than not, then the burden shifts to the defendant to prove that it exercised reasonable care to prevent the loss or destruction of damage to the goods.

Greaney, et. al., <u>Massachusetts Jury Instructions, Civil</u> (Matthew Bender 1999), §15.1.

#427506

## NEGLIGENT BAILMENT

<u>Duty of Care - General</u>

In this regard, we are dealing with that area of the civil law known as the law of negligence. It is a broad area of the law, and it has many applications. Speaking generally, however (and for the moment I am only speaking generally), negligence means the failure to exercise that degree of care that the ordinarily reasonable, cautious, prudent individual would have exercised under all the facts and circumstances existing in some particular situation. More simply stated, negligence is the failure to exercise that degree of care that a reasonable person would exercise under the circumstances.

Negligence may be doing something that the ordinarily reasonable, cautious, prudent person would not have done under all the facts and circumstances existing at a particular time and place. It may also be the failure to do something that the ordinarily reasonable, cautious, prudent person would have done under all the facts and circumstances existing at a particular time and place.

You will notice that the standard is not the conduct of the most careful person or of the least careful person, but rather the conduct of an ordinarily reasonable, cautious, prudent person, faced with the same situation and under the same circumstances as the person whose conduct is being considered.

Greaney, et. al., <u>Massachusetts Jury Instructions, Civil</u> (Matthew Bender 1999), §3.1.

#427506

## NEGLIGENT BAILMENT

Duty of Care - Bailments

In cases involving bailments, what amounts to reasonable care depends in part on the value of the property involved in the bailment: the more valuable the property, the more care would be used by a reasonable person.

If the defendant proves that it is more likely than not that it did use reasonable care to prevent the loss of damage to the plaintiff's property, then it was not negligent, and you should return a verdict for the defendant. If the defendant has failed to convince you that it used such reasonable care, then your verdict should be for the plaintiff, and you will go on to assess the amount of damages for which the defendant is liable.

If you find that the plaintiff is entitled to recover, you are to award the plaintiff an amount of money that represents the market value of the property at the time that it was lost, plus any special damages including a loss of profits.

Greaney, et. al., Massachusetts Jury Instructions, Civil (Matthew Bender 1999), §15.2.

#427506