## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| RUGGERS, INC., Plaintiff, vs. DHL EXPRESS (USA), INC., Defendants. | C.A. No. 04-30248-MAP |

## DEFENDANTS, DHL EXPRESS (USA), INC.'S
## REQUEST FOR JURY INSTRUCTIONS

NOW COMES the defendant, DHL Express (USA), Inc. ("DHL"), and hereby

requests, pursuant to Fed. R. Civ. P. 51, that the Court give the following instructions to the jury.

Respectfully Submitted,
The Defendant,
DHL EXPRESS (USA), INC.
By Its Attorneys,

*/s/ Mark R. Freitas*
Mark R. Freitas, BBO#641205
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Mark R. Freitas, hereby certify that on September 12, 2006, DHL's Requests for Jury Instructions were both filed electronically and are available for viewing and downloading from the ECF system. As the defendant is not aware of any party who has not consented to electronic service, pursuant to L.R. 5.4(C), electronic filing upon counsel of record is the sole means of service of this document to all parties

*/s/ Mark R. Freitas*
Mark R. Freitas

65021.1

Negligent Bailment

General (elements)

A bailment relationship arises when (1) there is a delivery of personal property from one person to another; (2) in trust for a specific purpose; (3) pursuant to an express or implied contract to fulfill that trust; and (4) the property is returned to the bailor, duly accounted for, or kept until reclaimed by the bailor after the purpose of the bailment is accomplished.

Bonaccoloto v. Coca-Cola Enters., 1999 U.S. Dist. LEXIS 22732 (D. Mass. 1999), citing 8A Am. Jur. 2d Bailments § 1.

65021.1

Negligent Bailment

<u>Duty of Care</u>

DHL owes Ruggers only the duty of exercising slight care because it is performing the duty gratuitously and should not be required to exercise the same degree of care as one who undertakes the bailment for pay.  In other words, a gratuitous bailee of another's property is not responsible for its loss unless guilty of gross negligence in its keeping.

<u>Preston v. Prather</u>, 137 U.S. 604, 608 (1891); <u>Massaletti v. Fitzroy</u>, 228 Mass. 487 (1917).

65021.1

Negligent Bailment

Duty of Care (defining gross negligence)

Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence.  It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence.

Altman v. Aronson, 231 Mass. 588, 591 (1919).

Breach of Contract

General (elements)

In every action of contract to make out his case, it is incumbent upon Ruggers to prove (1) an agreement, express or implied, in writing or oral, (2) for a valid consideration, (3) performance or its equivalent by the plaintiff, (4) breach by the defendant, and (5) damage to Ruggers.

Singarella v. City of Boston, 342 Mass. 385

65021.1

Breach of Contract

General

A contract implied in fact requires the same elements as an express contract and differs only in the method of expressing mutual assent.

Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005).

Breach of Contract

<u>General (defining consideration)</u>

Valid consideration requires a bargained-for exchange in which there is a legal detriment of Ruggers or a corresponding benefit to DHL.

<u>Hinchey v. NYNEX Corp.</u>, 144 F.3d 134, 142 (1st Cir. 1999); <u>Wit v. Commercial Hotel Co.</u>, 253 Mass. 564 (1925).

7

Breach of Contract

<u>Enforceability of Contract</u>

A contract in violation of law which attempts to accomplish indirectly what any statute or regulation expressly prohibits will not be enforced.

<u>Springfield Bank v. Merrick</u>, 14 Mass 322 (1817).

65021.1

Conversion

General (elements)

The elements of conversion require Ruggers to show that DHL intentionally or wrongfully exercised acts of ownership, control, or dominion (2) over personal property (3) to which DHL had no right of possession at that time.

Grand Pacific Finance Corp. v. Brauer, 57 Mass. App. Ct. 407 (2003).

9

Conversion

General (immediate right of possession)

Ruggers must demonstrate that at the time of the alleged conversion it had a right to immediately possess the shirts.

Massachusetts Lubricant Corp. v. Socony-Vacuum Oil Co., Inc., 305 Mass. 269, 271 (1940).

65021.1