UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RUGGERS, INC.,<br>    Plaintiff,<br><br>vs.<br><br>DHL EXPRESS (USA), INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 04-30248-RGS<br>)<br>)<br>)<br>) |

**DEFENDANTS, DHL EXPRESS (USA), INC.'S
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING EVIDENCE OR
ARGUMENT ON WARSAW CONVENTION**

NOW COMES the defendant, DHL Express (USA), Inc. ("DHL"), and hereby opposes the plaintiff's motion in *limine* to preclude DHL from introducing evidence regarding the applicability of the Warsaw Convention or its effect, and precluding any reference or argument to the jury on the issue.

The "Warsaw Convention is a comprehensive international treaty … governing liability in all international transportation of persons, baggage, or goods." Carey v. United Airlines, 255 F.3d 1044, 1047 (9th Cir. 2001). When the Warsaw Convention governs a particular claim, the terms of the Convention preempt state and/or local law claims, in the interest of achieving a uniform application of liability rules with respect to claims arising from international air transportation. Tseng v. El Al Israel Airlines, Ltd., 525 U.S. 155, 169 (1999). The applicability of the Warsaw Convention is a matter of law and, thus, is an issue that would be for the Court's consideration, not the jury's. Moreover, the applicability of the Warsaw Convention is fact specific (e.g., the conduct of the parties, the location of the goods, etc.). Naturally, DHL is entitled to present evidence and argument regarding the circumstances of the incident at issue in

65642.1

this case. If those facts, which were not clear during the initial motion to dismiss, are sufficient to trigger the Warsaw Convention, DHL should be entitled to make the appropriate argument before the Court.

It is unclear what exactly Ruggers seeks to preclude from evidence. Which law applies (state or local law vs. the Warsaw Convention) is not appropriately addressed in a motion in *limine*. Likewise, a motion in *limine* to preclude DHL from offering any evidence or making any arguments that goes to the question of which law applies is simply too broad. Allowance of such a broad sweeping motion would preclude DHL from offering evidence of where the goods were kept, how long they were kept, what DHL did with the goods while they were in its possession, that the goods were shipped, when they were shipped, where they were shipped, and what happened to the goods after they were shipped. These are all critical to the defense of the plaintiff's claims. Without an argument referencing certain evidence or testimony it is seeking to preclude, Ruggers' motion must be denied.

## CONCLUSION

WHEREFORE, DHL prays that Plaintiff's Motion in *Limine* Regarding Evidence or Argument on the Warsaw Convention be denied.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>The Defendant,<br>DHL EXPRESS (USA), INC.<br>By Its Attorneys, |
|  | */s/ Mark R. Freitas*<br>Mark R. Freitas, BBO#641205<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker LLP<br>155 Federal Street<br>Boston, MA 02110 |
| Dated: September 21, 2006 | (617) 422-5300 |

65642.1

## CERTIFICATE OF SERVICE

     I, Mark R. Freitas, hereby certify that on September 21, 2006 the within Opposition to Plaintiff's Motion in Limine was filed electronically and is available for viewing and downloading from the ECF system. As the defendant is not aware of any party who has not consented to electronic service, pursuant to L.R. 5.4(C), electronic filing upon counsel of record is the sole means of service of this document to all parties.

                                                    */s/ Mark R. Freitas*
                                                   Mark R. Freitas

65642.1