UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| RUGGERS, INC., )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>DHL EXPRESS (USA), INC., )<br>    Defendants. )<br>) | C.A. No. 04-30248-RGS |

## AMENDED ANSWER TO AMENDED COMPLAINT

1.    The allegations in paragraph 1 require no response because they contain conclusions of law. To the extent a response is required, the Defendant, DHL Express (USA), Inc. (hereinafter "DHL"), denies the allegations.

2.    DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 2 and calls on the Plaintiff to prove same.

3.    Admitted that DHL is a Delaware corporation. DHL denies the remaining allegations contained in paragraph 3 of the Amended Complaint.

4.    DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 2 and calls on the Plaintiff to prove same.

5.    DHL has insufficient information to either deny or admit the allegations in paragraph 5 as said allegations do not adequately identify the terms "international provider" and "express delivery services." To the extent a response is required, DHL denies the allegations contained in paragraph 5 of the Amended Complaint.

6.    DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 6 and calls on the Plaintiff to prove same.

42714.4

7. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 7 and calls on the Plaintiff to prove same.

8. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 8 and calls on the Plaintiff to prove same.

9. DHL has insufficient information or knowledge to either deny or admit the allegations contained in paragraph 9 and calls on the Plaintiff to prove same.

10. DHL admits the allegations contained in paragraph 10 of the Amended Complaint.

11. DHL admits that it contacted the Plaintiff regarding the need for a visa for the 30-shirt shipment but denies that it contacted the Plaintiff on February 13, 2002. Admitted that the Plaintiff then advised DHL that the Plaintiff had a visa but that it was for a greater quantity (hereinafter "larger visa") that the 30-shirt shipment. Further answering, DHL states that it advised the Plaintiff that a visa had to accompany each shipment. DHL denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

12. Denied.

13. Denied.

14. DHL admits that it applied the larger visa to the 30-shirt shipment and then delivered it to its destination. Further answering, DHL states that in taking these actions, DHL was following the instructions of the Plaintiff.

15. Denied.

16. DHL admits that it removed a second shipment from Customs to hold on the Plaintiff's behalf temporarily for the Plaintiff to obtain a proper visa as a courtesy to the Plaintiff. DHL denies that it removed the second shipment pursuant to an agreement with the Plaintiff and

42714.4

further denies that any document is appended as Exhibit A to the Amended Complaint. DHL has insufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 16 of the Amended Complaint. To the extent DHL must respond to the authenticity of any document attached as Exhibit A, which DHL states is not attached to the Amended Complaint, DHL denies same.

17. DHL admits that by 2003 it had returned the second shipment to the shipper in Hong Kong as a result of the Plaintiff's inability to secure a proper visa. DHL denies that it ever had an agreement with the Plaintiff to hold the second shipment indefinitely for the Plaintiff and denies that it destroyed the second shipment. DHL has insufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18. DHL admits it has refused and failed to acknowledge liability or to pay the Plaintiff and further states no liability exists. DHL denies all other allegations in paragraph 18 of the Amended Complaint.

## COUNT ONE

19. DHL restates and incorporates herein its responses to paragraphs 1 through 18 of the Amended Complaint.

20. Denied.

21. Denied.

42714.4

## COUNT TWO

22. DHL restates and incorporates herein its responses to paragraphs 1 through 21 of the Amended Complaint.

23. Denied.

24. Denied.

25. Denied.

## COUNT THREE

26. DHL restates and incorporates herein its responses to paragraphs 1 through 25 of the Amended Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT FOUR

31. DHL restates and incorporates herein its responses to paragraphs 1 through 30 of the Amended Complaint.

32. Denied.

33. Denied.

34. Denied.

42714.4

## COUNT FIVE

35. DHL restates and incorporates herein its responses to paragraphs 1 through 34 of the Amended Complaint.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. The claims against DHL are barred by the applicable statutes of limitations and/or by the doctrines of estoppel, waiver and/or laches.

3. Any liability on the part of DHL, which DHL denies, must be reduced or is barred by the Plaintiff's comparative negligence.

4. Any damages sustained by the Plaintiff were caused by individuals for whose conduct DHL is not responsible.

5. The Plaintiff's claims are preempted by federal law.

6. The Plaintiff's claims are barred by: (1) the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention"); (2) the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. §§ 40120(c), 41713(b)(1); (3) the Carmack Amendment to the Interstate Commerce Act, ch. 3591, Pub.L.No. 337, Title I, § 103, 34 Stat. 584 (1906) (codified as amended at 49 U.S.C. § 14706); (4) the Civil Aeronautics Act of 1938, 52 Stat. 973 ("CAA"); (5) the Federal Aviation Act of 1959, 72 Stat. 731 ("FAA"); (6) the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§

42714.4

14501(c)(1); 41713(b)(4)("FAAAA"); and/or (7) the Freight Forwarders Act, 49 U.S.C. §§ 1001, et seq.

7. The Plaintiff's claims are barred according to the doctrine of misnomer.

8. To the extent the Plaintiff has suffered harm, his own acts or omissions caused said harm.

9. If the Plaintiff suffered any losses or damages, then his losses or damages were the result of independent and intervening causes over which DHL had no control.

10. Any alleged wrongdoing was not performed under the control or supervision of DHL.

11. The Plaintiff's claims are barred in whole or in part due to the Plaintiff's failure to mitigate his damages.

12. Because the Plaintiff has failed to join all necessary and indispensable parties to this action, the Amended Complaint must be dismissed.

13. This Court lacks personal jurisdiction over DHL and lacks subject matter jurisdiction over the Amended Complaint.

14. The Plaintiff's claims should be dismissed due to insufficiency of process and insufficiency of service of process.

15. The Plaintiff failed to give DHL due and proper notice of any alleged breach/negligence/damages and DHL has been prejudiced thereby.

16. The Plaintiff's claims are barred according to the parties' Terms and Conditions of Carriage.

17. The Plaintiff's claims are barred because the Plaintiff failed to exhaust its administrative remedies.

42714.4

18. This action is barred because recusal by the Court is required and/or justified.

19. The center of gravity of the circumstances, which give rise to the plaintiffs' claim, is not primarily and substantially within the Commonwealth.

20. The plaintiff's claims are barred by fraud, illegality, collusion, conspiracy and/or unclean hands.

WHEREFORE, DHL requests that the Court dismiss the Amended Complaint, award DHL its costs and attorney's fees, and grant DHL any other relief under law or equity as this Court deems just, equitable, and proper.

**DHL claims a trial by jury.**

Respectfully Submitted,
The Defendant,
DHL EXPRESS (USA), INC.
By Its Attorneys,

*/s/ Mark R. Freitas*
Mark R. Freitas, BBO#641205
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: September 27, 2006

42714.4

**CERTIFICATE OF SERVICE**

    I, Mark R. Freitas, hereby certify that on September 27, 2006, DHL's Amended Answer to the Amended Complaint was filed electronically and is available for viewing and downloading from the ECF system. As the defendant is not aware of any party who has not consented to electronic service, pursuant to L.R. 5.4(C), electronic filing upon counsel of record is the sole means of service of this document to all parties

                                        */s/ Mark R. Freitas*
                                        Mark R. Freitas

42714.4